USDC SCAN INDEX SHEET







EDICK AND WATT INC

TERRA-MOVERS INC

RYC
3:97-CV-00270
*2*
*AMDCMP.*

RUDICK, PLATT, GLATT & GETZ,
a Professional Corporation
800 B STREET, SUITE 1600
SAN DIEGO, CALIFORNIA 92101
(619) 233-7738


(SPACE BELOW FOR FILING STAMP ONLY)
FILED
MAR - 4 1997
CLERK
SO...

Allan L. Rudick - 25773
David H. Getz - 125532

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES for the use of EDICK & WATT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> EARTHMOVERS, INC., a Colorado corporation doing business as TERRA-MOVERS, INC.; HUNT BUILDING CORPORATION, a Texas corporation; RELIANCE INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1 - 50, inclusive, <br><br> Defendants. | CASE NO. 97 CV0270E (LSP) <br><br> FIRST AMENDED COMPLAINT ON MILLER ACT BOND <br><br> DEMAND FOR JURY |

Use Plaintiff complains and alleges:

1. Use Plaintiff, EDICK & WATT, INC., is now and was at all times mentioned in the Complaint, a California corporation duly organized and existing under the laws of the State of California, and at all times in this Complaint mentioned was, and now is, doing business in the State of California, holding all applicable licenses as required and authorized by the laws of the State of California.

0040840.WP
-1-

2. Use Plaintiff is informed and believes and thereon alleges that Defendant EARTHMOVERS, INC., a Colorado corporation doing business as TERRA-MOVERS, INC. ("TERRA-MOVERS"), was at all times herein mentioned, and now is a corporation duly organized and existing under and by virtue of the laws of the State of Colorado, and authorized to transact business in the State of California.

3. Use Plaintiff is informed and believes and thereon alleges that Defendant HUNT BUILDING CORPORATION ("HUNT") was at all the times in this Complaint mentioned, and now is, a corporation duly organized and existing under the laws of the State of Texas, and authorized to transact business in the State of California.

4. Use Plaintiff is informed and believes and thereon alleges that Defendant RELIANCE INSURANCE COMPANY ("RELIANCE") was at all times herein mentioned and now is a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania and authorized to transact business as a surety upon bonds or undertakings in the State of California.

5. Use Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Use Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Use Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Use Plaintiff's damages as herein alleged were proximately caused by their conduct.

0040840.WP -2-

6. This action is brought under the Miller Act for recovery of sums owing for the provision of labor, materials, and services in San Diego County. This Court has jurisdiction and venue pursuant to 40 U.S.C. §270b(b).

7. Use Plaintiff is informed and believes and thereon alleges that on April 26, 1994, Defendant HUNT, DOE 1 and DOE 2 were awarded a contract by the United States of America through the United States Navy, more particularly identified and known as Contract No. N68711-93-Z-1369 (the "Contract"), known as Project No. H188/H209/H201, 374 new family housing units, Eucalyptus Hills, Lakeside, California and Santee, California, for that certain work of improvement consisting of the construction of 374 new family units (the "Site").

8. Use Plaintiff is informed and believes and thereon alleges that on or about May 1, 1994, Defendant HUNT, DOES 1 and 2, as principal, and Defendant RELIANCE, DOES 3 and 4, as surety, executed and delivered that certain Payment Bond in the penal sum of Two Million Five Hundred Thousand Dollars ($2,500,000) guaranteeing the payment to all person supplying labor and materials in the prosecution of the work provided for in the Contract and any and all duly authorized modifications thereof. Said Bond was executed and delivered as aforesaid in accordance with the provisions of an act of the legislature of the United States of America, dated August 24, 1935, 49 STAT. 793, as amended (40 U.S.C. §§270a-270e), and a true copy of said Bond is attached hereto and incorporated herein by reference as Exhibit "A."

9. Thereafter, and during the performance and prosecution of the work provided for in said Contract, Defendant TERRA-MOVERS, DOES 5 and 6, entered into a certain Sub-Contract with Defendant HUNT, DOE 1 and 2, for the performance and prosecution of a part of the work described in said Contract between HUNT, DOE 1 and 2, and the United States of America.

10. During the course of the performance and prosecution of said public work, and under and by virtue of the Contract, and said Sub-Contract between Defendant HUNT, DOE 1, 2 and Defendant TERRA-MOVERS, DOES 5 and 6, Use Plaintiff sold and provided labor, equipment, and materials for drilling and blasting upon the Site to said Sub-Contractor Defendant TERRA-MOVERS at its special instance and request. Said labor, materials and services were furnished to be used in and for the prosecution of the work provided for in said Contract.

11. The standard terms and conditions agreed to between Use Plaintiff and TERRA-MOVERS, DOES 5 and 6 pertaining to the above described labor, materials and services furnished by Use Plaintiff provided time of payment was of the essence and that in the event an action was necessary to collect any sums due for the provision of such labor, materials and services that the prevailing party would be entitled to reasonable attorneys fees. Use Plaintiff, in order to prosecute this action, has been required to engage legal counsel, Rudick, Platt, Glatt & Getz, and will incur attorneys fees in amounts not yet ascertained but according to proof at or after trial. Use Plaintiff seeks recovery of the same from Defendants and each of them.

0040840.WP                            -4-

12. Within ninety (90) days from the date on which Use Plaintiff furnished the last of the labor, equipment, and materials for which it's claim hereunder is made, said Plaintiff gave written notice to the General Contractor Defendant HUNT stating with substantial accuracy the amount claimed and the name of the party to whom the materials, labor and services were provided, which said notice was served on Defendant HUNT by registered mail, postage pre-paid, in an envelope addressed to HUNT at its business address.

13. Use Plaintiff alleges that after credit for all amounts paid for said labor, materials and services so furnished by Use Plaintiff in the prosecution of work provided for in the Contract, the unpaid amounts are reasonably worth the sum of Eighty-Four Thousand Nine Hundred Twenty-Two Dollars and Thirty-Six Cents ($84,922.36). Nothing has been paid or credited on said amount and there is now due, owing and unpaid by Defendants and each of them, to Use Plaintiff the sum of Eighty-Four Thousand Nine Hundred Twenty-Two Dollars and Thirty-Six Cents ($84,922.36).

14. Use Plaintiff has not been paid in full for said labor, materials and services furnished in the prosecution of said work, as aforesaid; more than ninety (90) days have elapsed after the date on which such materials, labor and services were furnished and the balance owing to Use Plaintiff by Defendants and each of them at the time of the commencement of this action is $84,922.36.

WHEREFORE, Use Plaintiff prays judgment against Defendants EARTHMOVERS, INC. dba TERRA-MOVERS, INC., HUNT BUILDING

1 | CORPORATION, RELIANCE INSURANCE COMPANY, and DOES 1 through 6,
2 | jointly and severally as follows:
3 |     1.   The sum of $84,922.36 together with interest thereon at
4 | the greater of the legal or contract rate from the date the same
5 | became owing until paid;
6 |     2.   For reasonable attorneys fees;
7 |     3.   For costs of suit;
8 |     4.   For such other and further relief as the Court may deem
9 | just and proper.

Dated: 3/4/97

RUDICK, PLATT, GLATT & GETZ,
a Professional corporation

By: _____
David H. Getz
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Use Plaintiff hereby demands a jury trial.

Dated: 3/4/97

RUDICK, PLATT, GLATT & GETZ,
a Professional corporation

By: _____
David H. Getz
Attorneys for Plaintiff

0040840.WP

-6-

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be or later than date of contract) May 1, 1994 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction 9000-0045), Washington, D.C. 20503.

| PRINCIPAL (Legal name and business address) HUNT BUILDING CORPORATION 4401 N. Mesa, Suite 201 El Paso, Texas 79902-1107 | TYPE OF ORGANIZATION ("X" one) ☐ INDIVIDUAL  ☐ PARTNERSHIP ☐ JOINT VENTURE  ☒ CORPORATION STATE OF INCORPORATION Texas |
|---|---|

| SURETY(IES) (Name(s) and business address(es)) RELIANCE INSURANCE COMPANY 4 Penn Center Plaza Philadelphia, Pennsylvania 19103 | PENAL SUM OF BOND MILLION(S) 2 / THOUSAND(S) 500 / HUNDRED(S) 000 / CENTS 00 |
|---|---|
| | CONTRACT DATE: 26 APR 93   CONTRACT NO.: N68711-93-C-1369 |

374 New Family Housing Units, Eucalyptus Hills, Lakeside, CA and Santee, CA

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

HUNT BUILDING CORPORATION — PRINCIPAL

| SIGNATURE(S) | 1. /s/ John T. Sinton (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. John T. Sinton, Executive Vice President | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| NAME & ADDRESS | RELIANCE INSURANCE COMPANY 4 Penn Center Plaza, Philadelphia, PA | STATE OF INC. PA | LIABILITY LIMIT $ 100% | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. /s/ | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. John R. Stockton, Attorney-in-Fact | 2. | | |

NSN 7540-01-152-8061
Previous edition not usable
EXPIRATION DATE: 9-30-95
25-205
STANDARD FORM 25-A (REV. 1-90)
Prescribed by GSA — FAR (48 CFR) 53.228(c)

**RELIANCE SURETY COMPANY**
**RELIANCE INSURANCE COMPANY**
**UNITED PACIFIC INSURANCE COMPANY**
**RELIANCE NATIONAL INDEMNITY COMPANY**

ADMINISTRATIVE OFFICE, PHILADELPHIA, PENNSYLVANIA

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that RELIANCE SURETY COMPANY is a corporation duly organized under the laws of the State of Delaware, and that RELIANCE INSURANCE COMPANY and UNITED PACIFIC INSURANCE COMPANY, are corporations duly organized under the laws of the Commonwealth of Pennsylvania and that RELIANCE NATIONAL INDEMNITY COMPANY is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called "the Companies") and that the Companies by virtue of signature and seals do hereby make, constitute and appoint L. Ray Pitts, Jr., Beverly Hayes, John R. Stockton, Rosemary Weaver., of Dallas, Texas their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver for and on their behalf, and as their act and deed any and all bonds and undertakings of suretyship and to bind the Companies thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of the Companies and sealed and attested by one other of such officers, and hereby ratifies and confirms all that their said Attorney(s)-in-Fact may do in pursuance hereof.

This Power of Attorney is granted under and by the authority of Article VII of the By-Laws of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and RELIANCE NATIONAL INDEMNITY COMPANY which provisions are now in full force and effect, reading as follows:

### ARTICLE VII - EXECUTION OF BONDS AND UNDERTAKINGS

1. The Board of Directors, the President, the Chairmen of the Board, any Senior Vice President, any Vice President or Assistant Vice President or other officer designated by the Board of Directors shall have power and authority to (a) appoint Attorney(s)-in-Fact and to authorize them to execute on behalf of the Company, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof, and (b) to remove any such Attorney(s)-in-Fact at any time and revoke the power and authority given to them.

2. Attorney(s)-in-Fact shall have power and authority, subject to the terms and limitations of the Power of Attorney issued to them, to execute deliver on behalf of the Company, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof. The corporate seal is not necessary for the validity of any bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof.

3. Attorney(s)-in-Fact shall have power and authority to execute affidavits required to be attached to bonds, recognizances, contracts indemnity or other conditional or obligatory undertakings and they shall also have power and authority to certify the financial statement of the Company and to copies of the By-Laws of the Company or any article or section thereof.

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the Executive and Finance Committees of the Boards of Directors of Reliance Insurance Company, United Pacific Insurance Company and Reliance National Indemnity Company by Unanimous Consent dated as of February 28, 1994 and by the Executive and Financial Committee of the Board of Directors of Reliance Surety Company by Unanimous Consent dated as of March 31, 1994.

"Resolved that the signatures of such directors and officers and the seal of the Company may be affixed to any such Power of Attorney or any certificates relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such Power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company, in the future with respect to any bond or undertaking to which it is attached."

IN WITNESS WHEREOF, the Companies have caused these presents to be signed and their corporate seals to be hereto affixed, this April 1, 1994.

   

RELIANCE SURETY COMPANY
RELIANCE INSURANCE COMPANY
UNITED PACIFIC INSURANCE COMPANY
RELIANCE NATIONAL INDEMNITY COMPANY

*Charles R. Schmalz*

STATE OF Pennsylvania     )
                          ) ss.
COUNTY OF Philadelphia    )

On this, April 1, 1994, before me, Valencia Wortham, personally appeared Charles B. Schmalz, who acknowledged himself to be the Executive Vice President of the Reliance Surety Company, and the Vice President of Reliance Insurance Company, United Pacific Insurance Company, and Reliance National Indemnity Company and that as such, being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the corporation by himself as its duly authorized officer.

In witness whereof, I hereunto set my hand and official seal.

NOTARIAL SEAL
VALENCIA WORTHAM, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Nov. 18, 1996



*Valencia Wortham*
Notary Public in and for the State of Pennsylvania
Residing at Philadelphia

I, Anita Zippert, Secretary of RELIANCE SURETY COMPANY, RELIANCE INSURANCE COMPANY, UNITED PACIFIC INSURANCE COMPANY, and

440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES for the use of
EDICK & WATT, INC., a California
corporation,

        Plaintiff

V.

EARTHMOVERS, INC., a Colorado
corporation doing business as
TERRA-MOVERS, INC.; HUNT
BUILDING CORPROATION, a Texas
corporation; RELIANCE INSURANCE
COMPANY, a Pennsylvania
corporation; and DOES 1 - 50,
inclusive

TO: (Name and Address of Defendant)

        Defendants.

FIRST AMENDED
**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 97 CV0270E (LSP)

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)

David H. Getz
Rudick, Platt, Glatt & Getz
600 "B" Street, Suite 1500
San Diego, CA 92101

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ROBERTA WESTDAL
CLERK

by R. F. MESSIG, Deputy

DATE: 3-4-97